Filed 2/14/22  P. v. King CA2/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B308568 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA084339) |
| v. | |
| SABRINA OCTAVIA KING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Darrell Mavis, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————————

Defendant and appellant Sabrina Octavia King appeals from the trial court's denial of her petition for resentencing under Penal Code section 1170.95.[1] Due to an intervening change in the law, the Attorney General agrees the denial must be reversed and the matter remanded. We agree.

### *FACTUAL AND PROCEDURAL BACKGROUND*

On November 14, 2012, defendant and codefendant Davon Moore were charged by information with a single count of murder (§ 187) and the felony murder special circumstance (§ 190.2, subd. (a)(17)). Defendant entered a plea of not guilty.

On March 27, 2014, on the prosecution's motion, the court amended the information to add a count of manslaughter (§ 192) with a gang enhancement (§ 186.22, subd. (b)(1)(C)), and one count of robbery (§ 211). Defendant then entered no contest pleas to the new counts, and admitted the gang enhancement. She was sentenced to an agreed-upon term of 21 years in prison. The murder charge was dismissed pursuant to the plea agreement.

On August 30, 2019, defendant filed a petition for resentencing under section 1170.95, and requested appointment of counsel. On November 5, 2019, the trial court summarily denied the petition, on the basis that section 1170.95 relief was available only for individuals convicted of murder, while defendant was convicted of manslaughter.

On September 8, 2020, defendant filed a second section 1170.95 petition, in which she explained that she had pleaded to manslaughter in lieu of going to trial on a felony-murder charge. She further asserted that she had agreed, and planned, to rob the victim, and had not anticipated that her codefendant would use

---

[1] All undesignated statutory references are to the Penal Code.

2

lethal force against him. On September 14, 2020, the trial court again summarily denied the petition on the basis that section 1170.95 relief is not available to individuals convicted of manslaughter.

Defendant filed a timely notice of appeal. We affirmed, concluding, as did the trial court, that section 1170.95 applies only to murder, not manslaughter. (*People v. King* (Aug. 19, 2021, B308568) [nonpub. opn.].) Defendant sought Supreme Court review. On October 27, 2021, the Supreme Court granted review, and transferred the matter back to this court with directions to vacate our decision and reconsider the matter in light of the Senate Bill No. 775 (Stats. 2021, ch. 551) amendments to section 1170.95, and the high court's opinion in *People v. Lewis* (2021) 11 Cal.5th 952.

The parties agree that the Senate Bill No. 775 amendments resolve this appeal. Among other things, Senate Bill No. 775 amended section 1170.95 to apply to manslaughter convictions. As amended by Senate Bill No. 775, section 1170.95 now applies to a defendant when: (1) an information was filed charging felony-murder; (2) the defendant was convicted of manslaughter by accepting a plea offer in lieu of a trial at which she could have been convicted of murder; and (3) the defendant could not presently be convicted of murder because she was not the actual killer, did not aid and abet the actual killer with intent to kill, and was not a major participant in the underlying felony acting with reckless indifference to human life. (Stats. 2021, ch. 551, sec. 2; see also § 189, subd. (e).) In the Attorney General's brief on remand, it concedes that the record establishes the first two elements, and there is nothing in the current record showing defendant cannot establish the third. Under the law as presently amended, defendant is entitled to the appointment of counsel and

3

a hearing on whether she established a prima facie showing of entitlement to relief.  (*People v. Lewis, supra,* 11 Cal.5th at pp. 963, 966.)

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed.  The matter is remanded for the court to appoint counsel and permit briefing under section 1170.95, subdivision (c).


RUBIN, P.J.

WE CONCUR:


BAKER, J.


MOOR, J.